STEVENS FLOOR COMPANY, Respondent, *v.* CHARLES FORREST, Appellant.

Fourth Department, November 20, 1929.

*M. Edwin Merwin*, for the appellant.

*LaFay C. Wilkie*, for the respondent.

Edgcomb, J.  Defendant, who was awarded a contract for making certain alterations in the Buffalo City and County Hall, sublet to the plaintiff the laying of certain cork tile floors for the sum of $3,400.  This action is brought to recover $1,400 and interest, the balance which plaintiff claims is due under its contract with the defendant for such work.

The plans and specifications of the architect called for cork tile on portions of both the third and fourth floors of the building. Subsequently the architect eliminated such tiling from the third floor, so that the only work which the plaintiff did was confined entirely to the fourth floor of the building.  Plaintiff claims that its agreement only covered the work which it actually did upon the fourth floor, and that it was to be paid the full contract price of $3,400 therefor.  Defendant insists that the quoted price included the work on both floors, as set forth in the plans and specifications, and that, inasmuch as the plaintiff was not required to lay the cork tiling on the third floor, the proportionate cost of such work should be deducted from the contract price of $3,400, pursuant to the provision of the specifications which authorized the owner to make changes without invalidating the contract by altering, adding to or deducting from the work, in which case the contract price should be adjusted accordingly.

The contract is to be found in certain correspondence between the parties.  On July 23, 1925, the plaintiff wrote defendant as follows: " We propose to furnish and install Armstrong's cork tile according to plans and specifications for the sum of Thirty Four Hundred Dollars ($3,400.00)."  As before noted, the plans and specifications called for cork tile on both the third and fourth floors.  At that time there had been no suggestion of eliminating such work from the third floor of the building.  Nothing appears to have been done further in this matter until January 23, 1926, when the defendant wrote the plaintiff the following letter: " We have this day received written notice from architect that samples of cork floor submitted by you for City and County Hall job have been approved. We, therefore, accept your estimate for doing

this work according to your proposal of July 23, 1925, for furnishing and installing cork tile floors as per plans and specifications prepared by Harold J. Cook, architect. Kindly let us have your acceptance of same, and rush order for material immediately." On February fourth following, plaintiff accepted the contract by letter in the following language: "We acknowledge your acceptance of our contract of July 23, 1925, for the cork floors in the City and County Hall at our price of Thirty Four Hundred Dollars ($3,400.00)."

It would seem from the above correspondence that the complete and entire agreement between the parties was fully set forth in said letters in no uncertain or ambiguous terms. If that is true, no parol evidence was admissible to vary the terms of the written agreement, and the jury should not have been permitted to take out or put in some provision which did not appear in the written contract itself. (*Loomis* v. *N. Y. C. & H. R. R. R. Co.*, 203 N. Y. 359, 367; *Lossing* v. *Cushman*, 195 id. 386; *Murdock* v. *Gould*, 193 id. 369, 375; *Thomas* v. *Scutt*, 127 id. 133.)

The offer of plaintiff was to lay the cork floors according to the architect's plans and specifications for the sum of $3,400. The plans provided for such cork tile on both the third and fourth floors of the building, and the specifications contained a provision that the owner could add to or deduct from the work, and that, if that was done, the contract price should be adjusted accordingly. Defendant's acceptance specifically referred to the fact that the proposal of the plaintiff was to furnish and install the floors " as per plans and specifications prepared by Harold J. Cook, architect."

It is, therefore, clear that the contract price of $3,400, quoted by plaintiff, included cork tile on both the third and fourth floors, and that when the owner eliminated the work to be done on the third floor, an adjustment and allowance should be made to the defendant for the proportion of the flooring omitted from the original plans.

It was error to allow the plaintiff to give parol evidence which tended to vary the terms of the written agreement, and to permit the jury to determine what the contract between the parties actually was, based on such parol evidence.

The original plans showed 9,362 square feet of cork tile to be laid on both floors; 2,500 square feet were eliminated and were never laid. This would make the contract price for the work actually done, $2,493.19, and after deducting the $2,000 already paid, would leave $493.19 due on the contract, instead of $1,400, as found by the jury. This unpaid balance bears interest from September 1, 1926. This would make the total amount due the plaintiff at the

time of the trial $571.50. Had plaintiff made the proper motion, it would have been entitled to a direction of a verdict for that sum. No such motion was made. Neither did the defendant ask to limit the amount of the recovery to the above amount.

We must, therefore, reverse the judgment and grant a new trial, with costs to defendant to abide the event, unless the plaintiff stipulates to reduce the verdict to $571.50, in which case the judgment as modified should be affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $571.50, as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is affirmed, without costs of this appeal to either party.